UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MICHELLE COLYER,**<br><br>Plaintiff,<br><br>v.<br><br>**CONVERGENT OUTSOURCING, INC.**<br><br>Defendant. | Civil Case No.: 19-cv-13009<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## **INTRODUCTION**

1. This action arises out of Defendant Convergent Outsourcing, Inc.'s ("Convergent") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

2. Defendant Convergent has made numerous telephone calls to Plaintiff Colyer's landline and cellular telephone numbers in an apparent attempt to collect a debt belonging to persons other than Plaintiff.

3. All of these telephone calls were made using an automatic telephone dialing system.

4. Plaintiff Colyer never provided consent for these calls.

5. These calls continued after Plaintiff Colyer asked Defendant to stop calling.

6. Accordingly, the calls to Plaintiff's cellular telephone were made in violation of the TCPA.

7. Furthermore, by continuing to call Plaintiff without her consent and after she asked Defendant to stop, Defendant caused Plaintiff's telephone to ring or engaged her in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass.

8. Accordingly, Defendant Convergent's calls violated 15 U.S.C. § 1692d(5) of the FDCPA.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA and the FDCPA, which are federal statutes.

10. This Court has personal jurisdiction over Defendant because Defendant conducts business transactions within this District and because the conduct was directed at this District.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts business transactions within this District and because the conduct was directed at this District.

## PARTIES

12. Plaintiff Colyer is, and at all times mentioned herein was, a resident of Royal Oak, Michigan.

13. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

14. Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. Defendant Convergent is, and at all times mentioned herein was, a corporation headquartered in Renton, Washington.

16. Defendant Convergent is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

17. Defendant Convergent is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

## FACTS

18. Plaintiff Colyer has had her cellular telephone number ending in 7135 for over 10 years.

19. During at least the past year, Defendant has placed automated telephone calls to Plaintiff's cellular telephone number ending in 7135, as well as her landline telephone number ending in 3945.

20. These calls appear to be automated by their frequency, a brief and unnatural pause upon answering the calls, a "click" or similar noise when an agent does come on the line, and dead air calls (i.e. answered calls that have no one on the other line).

21. On these calls, Defendant has variously asked for Nicole Colyer (a relative of Plaintiff) and "Darnell Byers" (phonetic) (a person with whom Plaintiff has no affiliation).

22. Because these calls were intended for individuals rather than businesses, it is likely that the alleged debts were for personal, family, or household purposes.

23. Plaintiff did not provide her telephone numbers to Defendant for any purpose.

24. Upon information and belief, Defendant also did not obtain Plaintiff's numbers from either of the two aforementioned individuals for whom Defendant's calls are intended.

25. Upon information and belief, Defendant obtained Plaintiff's numbers via skip tracing and/or by trawling public records for telephone numbers that may be associated with the alleged debtors.

26. Most of Defendant's calls came after Plaintiff asked Defendant to stop calling.

27. For example, Plaintiff sent a "stop calling" request via certified letter to Defendant, which Defendant received on August 30, 2019.

28. In this letter Plaintiff wrote: "DO NOT CALL ME. FURTHER UNSOLICITED CALLS WILL BE CONSIDERED CONTINUED HARASSMENT BY YOUR OFFICE AND IN VIOLATION WITH[sic] TCPA AND FDCPA."

29. Plaintiff also called Defendant on September 6, 2019 and made a clear and

unequivocal do-not-call request to Defendant's employee Eva Cortez.

30. Ms. Cortez made clear she understood Plaintiff's request.

31. Nevertheless, as discussed, the calls continued.

32. While the exact number of calls Defendant made to Plaintiff remains to be determined in discovery, Plaintiff received calls from Defendant on August 20, 21, 23, 26, 27, 30 and September 3, 6, 9, 10, 13, 16, 17, 23, 24, and 26.

33. Remarkably, the September 23, 24, and 26 calls occurred *after* Defendant was served with Plaintiff's lawsuit on September 17.

34. Accordingly, the automated calls to Plaintiff's cellular telephone without consent violated the TCPA, 47 U.S.C. § 227(b), and Plaintiff is entitled to at least $500 per call.

35. Because Defendant's conduct was willful, Plaintiff is entitled to treble damages of $1,500 per call.

36. In addition, all of Defendant's calls violated 15 U.S.C. § 1692d(5), which prohibits a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

37. Plaintiff is therefore entitled to an additional $1,000 in statutory damages and attorneys' fees.

38. Plaintiff has suffered concrete harm as a result of Defendant's telephone calls, including, but not limited to:

- Device storage;
- Data usage;
- Lost time tending to and responding to the unsolicited calls;

- Depleted battery and cost in charging her phone;
- Tying up of her telephone line;
- Invasion of Privacy;
- Nuisance.

39. These forms of actual injury are sufficient for Article III standing purposes.

## FIRST CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(b) *et seq.*

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. Defendant placed repeated calls to Plaintiff on her cellular telephone.

42. Defendant knew, or should have known, that it was calling a cellular telephone.

43. These calls all used an automatic telephone dialing system.

44. Defendant knew that its calls used an automatic telephone dialing system.

45. These calls were all made in an effort to collect a debt from third parties.

46. Plaintiff did not consent to Defendant placing such calls to her cellular telephone.

47. Plaintiff also told Defendant on multiple occasions to stop calling: orally, in writing, and via lawsuit.

48. Defendant therefore knew or should have known that it did not have consent to call Plaintiff's cellular telephone.

49. Nevertheless, the calls continued.

50. The calls were not placed for "emergency purposes."

51. Plaintiff is entitled to an award of $500 in statutory damages for each call made negligently, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of 15 U.S.C. § 1692d(5)

53. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

54. Defendant is a "debt collector" as defined in the FDCPA.

55. Defendant placed repeated calls to Plaintiff on her cellular telephone and landline.

56. These calls were in an effort to collect debts allegedly owed by third parties.

57. Upon information and belief, the debt was primarily for personal, family, or household purposes.

58. These calls were made without Plaintiff's consent.

59. These calls continued after Plaintiff asked Defendant to stop, and/or after Defendant knew or should have known that it had the wrong person.

60. These calls were therefore done with the intent to annoy or harass Plaintiff, in violation of 15 USC § 1692d(5).

61. Plaintiff is entitled to an award $1,000 statutory damages and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Colyer prays for the following relief:

A. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227, *et seq.* and 15 USC § 1692, *et seq.* and invaded Plaintiff's privacy;

B. An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award of statutory damages under both the TCPA and FDCPA;

D. An award of reasonable attorneys' fees and costs; and

E. Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** November 26, 2019            s/ Jeremy M. Glapion_____
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.965.8006
jmg@glapionlaw.com