## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHELLE COLYER,

      Plaintiff,

v.

CONVERGENT OUTSOURCING,
INC., a foreign corporation,

      Defendant.

Case No. 2:19-cv-13009

Hon. Gershwin A. Drain

Mag. Judge: R. Steven Whalen

| | |
|---|---|
| Jeremy M. Glapion (145972015 - NJ) | DOBBS & NEIDLE, P.C. |
| THE GLAPION LAW FIRM, LLC | Gregory R. Neidle (P59273) |
| 1704 Maxwell Drive | Daniel J. Ammon (P50923) |
| Wall, New Jersey 07719 | Attorneys for Defendant |
| Tel: 732.455.9737 | 30150 Telegraph Road, Suite 410 |
| Fax: 732.965.8006 | Bingham Farms, MI 48025 |
| jmg@glapionlaw.com | Phone: (248) 723-9511 |
| | Fax: (248) 723-9531 |

## PROPOSED JOINT DISCOVERY PLAN

This Proposed Joint Discovery Plan was prepared pursuant to Federal Rule

of Civil Procedure 26(f).

**DATE OF MEETING:** A Rule 26(f) conference was held on December 2, 2019.

The following persons participated:

**a.** Jeremy M. Glapion representing Plaintiff.

**b.** Gregory R. Neidle representing Defendant.

**1. Jurisdiction:** The basis for the Court's jurisdiction is: This court has jurisdiction under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

**2. Jury or Non-Jury:** This case is to be tried before a jury.

**3. Statement of the Case:** This case involves:

**a. Plaintiff:** Convergent placed repeated calls to Plaintiff using an automatic telephone dialing system in an effort to collect a debt from two separate persons, neither of which are Plaintiff. Plaintiff never provided consent to Convergent for these calls, has no responsibility for the debt, and repeatedly informed Convergent of these facts and asked Convergent to stop calling. Plaintiff believes Convergent obtained her telephone number in error while "skip tracing" the alleged debtors, and believes the calls may be the result of Convergent continuing a practice that was the basis for a recent class action (and settlement) against it (see "Other" section below).

**b. Defendant:** Convergent denies any violation of the TCPA, denies using an automatic telephone dialing service without prior express consent.  Convergent did not use any device with the capacity to dial telephone numbers randomly or sequentially to call Plaintiff and therefore did not use an "automatic telephone dialing system" as defined under the TCPA. Convergent also denies liability for any alleged violation of the FDCPA.

**Factual and Legal Issues in Dispute:**

**a.** Whether Defendant's foregoing alleged acts have violated the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and / or the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

    **i.** Whether the Defendant's alleged violations of the TCPA were negligent or willful; and

    **ii**. The amount of damages, if any, to which Plaintiff is entitled.

**4. Pendent State Claims:** This case does not include pendent state claims.

**5. Joinder of Parties and Amendment of Pleadings:** The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by January 6, 2019.

**6. Disclosures and Exchanges:** The parties have agreed to exchange Rule 26(a)(1) initial disclosures on or before December 16, 2019.

**7. Discovery and Trial:** – The parties believe that all discovery can be completed by June 12, 2020. The parties recommend the following discovery and trial plan, and acknowledge that if the Court believes that discovery motions have been filed unnecessarily, in bad faith, or for vexatious or tactical reasons, the Court may appoint a Discovery Master to shift the costs of disposing these motions from the court to the parities:

    **a.** Discovery Begins: December 2, 2019.

**b.** Witness List Disclosures Due: April 1, 2020.

**c.** Deadline for the Plaintiff's Disclosure of Expert Witnesses: May 1, 2020.

**d.** Deadline for Defendant's Disclosure of Expert Witnesses: May 15, 2020.

**e.** Discovery Ends: June 12, 2020.

**f.** Dispositive Motions Deadline: July 13, 2020.

**g.** Joint Final Pretrial Order Due: October 2, 2020

**h.** Motions in Limine: September 14, 2020

**i.** Final Pretrial Conference: (TBD by the Court)

**j.** Trial Date: October 26, 2020

**k.** Length of Trial: 3 days

**8. Disclosure/Discovery of Electronically Stored Information:** No problems anticipated.

**9. Assertion of Claims of Privilege or Work-Product Immunity After Production:** The parties do not anticipate any issues relating to claims of privilege or work product but may submit a mutually agreeable protective order regarding the exchange of any confidential information.

**10. Motions:** The parties acknowledge that E.D. Mich. LR 7.1 requires a moving party to ascertain whether any motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1. All nondispositve motions shall be accompanied by a

certificate setting forth in detail the efforts of the moving party to comply with the obligation crated by Rule 7.1. All discovery motions shall be accompanied by a certificate and any relevant documentation or correspondence detailing the movant's attempts to seek resolution of the discovery dispute before filing the motion.

The following dispositive emotions are contemplated by each party:

The parties may file dispositive motions if appropriate pursuant to Fed. R. Civ. P. 56, after the close of discovery.

**11. Alternative Dispute Resolution:** The parties acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution, and recommend that this case be submitted to the following method(s) of alternative dispute resolution:

Referral of this matter to a United States Magistrate Judge for the limited purpose of a settlement conference.

**12. Length of Trial:** Counsel estimate the trial will last approximately 3 days, allocated as follows:

1 and ½ day for Plaintiff's case

1 and ½ day for Defendant's case

**13. Prospects of Settlement:** The status of settlement discussions is:

The prospects for settlement of this case are fair and the parties' consent to the referral of this matter to a United States Magistrate Judge for the limited purpose of settlement.

**14. Electronic Document Filing System:** Counsel acknowledges that Local Rule 5.1 requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the party has been excused from electronic filing on motion for good cause shown. The Court expects all counsel to abide by the requirements of this rule.

**15. Other:** Though not presently pled as a class action, Plaintiff intends to serve limited discovery early in the discovery period that would be relevant to Plaintiff's individual claims and would help ascertain the suitability of this case for class treatment. Plaintiff believes that the allegations in this matter appear very similar to those in *Sheean v. Convergent Outsourcing, Inc.*, Case No. 18-cv-11532 (E.D. Mich.) (class period ending February 25, 2019).

Respectfully submitted,

Dated: December 2, 2019

*/s/ Jeremy M. Glapion (w/ consent)*
Jeremy M. Glapion (145972015 - NJ)
THE GLAPION LAW FIRM, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.965.8006
jmg@glapionlaw.com

*/s/ Gregory R. Neidle*
DOBBS & NEIDLE, P.C.
Gregory R. Neidle (P59273)
Daniel J. Ammon (P50923)
Attorneys for Defendant
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Phone: (248) 723-9511
Fax: (248) 723-9531